UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>E. RODRIGUEZ, et al.,<br><br>Defendants. | No. 2:18-cv-2849-WBS-EFB P<br><br><br>ORDER |

     Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis ("IFP"). ECF No. 7. He also requests leave to file an oversized complaint. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

     Plaintiff's IFP application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>[1]

According to the complaint, plaintiff has been forced to go through the "low dose radiation scanner and force[d] to stand in line" near the scanner, which is used eighty or more

---

[1] Plaintiff's request to file an oversized complaint (ECF No. 2) is denied as unnecessary, as this court does not impose a page limit for complaints.

times a day.  ECF No. 1 at 13.  Inmates with qualifying health concerns such as pregnancies or pacemakers have the right to refuse being scanned, as x-rays are known to cause tissue damage. *Id.* at 6, 9, 11.  Plaintiff claims that he too should have the right to refuse scans because he has glaucoma, and the "low dose scanner will affect [his] optic nerve cells leading to more tissue damage." *Id.* at 7, 12.  He alleges that defendants have shown deliberate indifference to his serious medical needs by exposing him to "low and high dose[s] of radiation, posing [an] unreasonable risk of harm to him now and his future health." *Id.* at 7.  He also claims his glaucoma is not being properly treated and wants to be prescribed cannabis. *Id.* at 23.

These allegations lack sufficient detail to establish an Eighth Amendment deliberate indifference to medical needs claim.  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff does not allege the frequency with which he was required to be scanned.  Nor does he allege how often or how close he was to the scanner when standing in line or otherwise "near" it.  Absent such allegations, the court cannot determine whether plaintiff was subjected to a substantial risk of serious harm for purposes of an Eighth Amendment claim. *See Walker v. Ponte*, No. 14 Civ. 8507 (ER), 2016 U.S. Dist. LEXIS 110062, at *17 (S.D.N.Y. Aug. 18, 2016) ("[T]he frequency of screenings is material to a claim of future injury as a result of radiation exposure from RadPro screenings.").  Moreover, "while exposure to any amount of radiation poses some risk of harm—society chooses to, and indeed must, tolerate some level of radiation exposure." *Middleton v. City of New York (In re RadPro SecurPass Scanner Cases)*, No. 13-CV-6095 (CS), 2014 U.S. Dist. LEXIS 113616, at *13-14 (S.D.N.Y. Aug. 13, 2014) (holding that five to ten RadPro SecurPass screenings did not put plaintiff at risk).

In any amended complaint, plaintiff must allege facts showing that a specific defendant exposed subjected him to scans knowing that they posed an excessive risk to his health.  If plaintiff wishes to pursue a separate claim based on his glaucoma treatment and/or request for

cannabis, he must plead facts showing that a specific defendant responded to his medial needs with deliberate indifference – a standard akin to criminal recklessness. *Farmer*, 511 U.S. at 827.

<u>Leave to Amend</u>

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names

4

actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1.      Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED;

2.      Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.      Plaintiff's request to file an oversized complaint (ECF No. 2) is denied as unnecessary;

4.       Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

5.      Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: July 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE